# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6058 | DATE | 6/24/2004 |
| CASE TITLE | J.F. Edwards Constr. Co. vs. Int'l Union of Oper. Eng., Local No. 150, AFL-CIO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction. See attached. All pending motions and dates are denied as moot.

*[signature: Charles R. Norgle]*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | JUN 2 8 2004 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| X | Docketing to mail notices. | | docketing deputy initials | 17 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | date mailed notice | |
| | courtroom deputy's initials | 2004 JUN 25 PM 4:31 Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| J.F. EDWARDS CONSTRUCTION CO., | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 03 C 6058<br>) Honorable Charles R. Norgle<br>) |
| INTERNATIONAL UNION OF<br>OPERATING ENGINEERS, LOCAL<br>UNION NO. 150, AFL-CIO, | )<br>)<br>)<br>) |
| Defendant. | ) |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Plaintiff, J.F. Edwards Construction Co. ("J.F. Edwards"), has filed suit seeking declaratory and injunctive relief against Defendant, International Union of Operating Engineers, Local Union No. 150, AFL-CIO ("Local 150"), and has based federal subject matter jurisdiction upon § 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185(a). For the following reasons, the Complaint is dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

On August 2, 1996, J.F. Edwards and Local 150 entered into a collective bargaining agreement. The parties executed a Memorandum of Agreement ("Agreement"), which incorporated by reference the Master Collective Bargaining Agreement ("Master Agreement") between Local 150 and the Mid-America Regional Bargaining Association (collectively "collective bargaining agreement"). According to J.F. Edwards, the collective bargaining agreement was intended to be a pre-hire agreement, pursuant to 29 U.S.C. § 158(f) ("§ 8(f) agreement"). According to Local 150,

the collective bargaining agreement was intended to be a majority representation agreement, pursuant to 29 U.S.C. § 159(a) ("§ 9(a) agreement"). Under § 9 of the National Labor Relations Act, employers are obligated to bargain only with unions that have been selected by a majority of employees; however, under § 8(f) of the National Labor Relations Act, an exception to this majority support requirement exists within the construction industry, allowing employers to enter a "pre-hire" agreement with a union regardless of how many employees authorize the union's representation. See 1 The Developing Labor Law 958-66 (Patrick Hardin, *et al.* eds., 4th ed. 2001); see also John Deklewa & Sons, 282 N.L.R.B. 1375, 1378, 124 L.R.R.M. 1185, 1188 (1987), *enforced sub nom.*, Iron Workers, Local 3 v. NLRB, 843 F.2d 770, 779-80, 128 L.R.R.M. 2020, 2028 (3d Cir. 1988). In sum, the parties present the court with a representational dispute.

The parties worked together under the collective bargaining agreement, with J.F. Edwards employing two employees from Local 150 on two separate jobs in and around 1996. Thereafter, J.F. Edwards did not utilize any members of Local 150 on any other projects within the jurisdiction of Local 150.

J.F. Edwards contends that it intended to terminate the collective bargaining agreement on April 2, 1997 by labeling a contribution report as the final report. Local 150 did not share that intention. In February 2001, Local 150 sought to place one of its members on a project J.F. Edwards was working; however, the matter was not pursued further. On March 30, 2001, J.F. Edwards sent a formal letter notifying Local 150 of its intention to terminate the collective bargaining agreement. Once again, Local 150 did not share that intention. The parties dispute whether such termination was effective, which in turn depends on whether the collective bargaining agreement was a § 8(f) or a § 9(a) agreement.

2

In July 2003, Local 150 once again sought to place one of its members on a project, and ultimately notified J.F. Edwards that it had filed a grievance under the grievance and arbitration procedure in the Master Agreement. On August 27, 2003, J.F. Edwards responded by filing the Complaint in this case. In its Complaint, J.F. Edwards asks this court to enter declaratory judgment against Local 150, concluding that it is no longer bound to the collective bargaining agreement with Local 150 and not obligated to abide by the terms and conditions set forth therein. J.F. Edwards further requests this court to enjoin Local 150 from processing a grievance against it under the grievance and arbitration procedure in the Master Agreement.

Local 150 filed a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Once that motion was fully briefed, the court issued a minute order indicating that, based on the parties' submissions, it intended to convert the motion to dismiss into a motion for summary judgment. While not developed by the parties, it has become apparent that the court's jurisdiction must first be determined.

## II. ANALYSIS

"The federal courts are courts of limited jurisdiction [and] [w]e have no authority to adjudicate cases outside our purview." Int'l Union of Oper. Eng'rs, Local 150, AFL-CIO v. Rabine, 161 F.3d 427, 430 (7th Cir. 1998). Thus, the federal courts are "always obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation and internal marks omitted).

The jurisdictional statement in J.F. Edwards' Complaint provides: "This action is brought pursuant to and jurisdiction is founded upon Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 to declare the rights and obligations of the parties." Pl.'s Compl. ¶ 1. Section

301(a) of the LMRA provides in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (2003).

"The § 301 grant of jurisdiction is extremely limited." Teamsters Nat'l Auto. Transporters Ind. Negotiating Comm. v. Troha, 328 F.3d 325, 329 (7th Cir. 2003). The lynchpin of any claim under § 301 of the LMRA is a "violation" of a labor contract, as the Supreme Court clarified in Textron Lycoming Reciprocating Engine Div., AVCO Corp. v. UAW, 523 U.S. 653 (1998). In the absence of an allegation of a "violation" of a labor agreement, a federal district court has no jurisdiction under § 301 of the LMRA to entertain a controversy. See Textron, 523 U.S. at 661-62 ("Because the Union's complaint alleges no violation of the collective-bargaining agreement, neither we nor the federal courts below have subject-matter jurisdiction over this case under § 301(a)."); see also Troha, 328 F.3d at 329 ("The holding of Textron is that only cases that allege violations of the collective bargaining agreement fall under the jurisdictional grant of § 301.").

In Textron, the union alleged that it had been induced to agree to a no-strike clause in a collective bargaining agreement by the employer's fraudulent concealment during negotiations of its plans to subcontract a major portion of the work of the bargaining unit. See Textron, 523 U.S. at 655. The union filed suit in federal district court, basing subject matter jurisdiction on § 301 of the LMRA, seeking a declaratory judgment that the collective bargaining agreement was voidable as a result of fraud in the inducement. See id. The Supreme Court held that § 301 does not encompass a suit for declaratory judgment that a collective bargaining agreement was procured by

fraud in the inducement. See id. at 661-62. As the Court stated: "'Suits for violation of contracts' under § 301(a) are not suits that claim a contract is invalid, but suits that claim a contract has been violated." Id. at 657. The Textron Court proceeded to state:

> This does not mean that a federal court can never adjudicate the validity of a contract under § 301(a). That provision simply erects a gateway through which parties may pass into federal court; once they have entered, it does not restrict the legal landscape they may traverse. Thus if, in the course of deciding whether a plaintiff is entitled to relief for the defendant's alleged violation of a contract, the defendant interposes the affirmative defense that the contract was invalid, the court may, consistent with § 301(a), adjudicate that defense. Similarly, a declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid. But in these cases, the federal court's power to adjudicate the contract's validity is ancillary to, and not independent of, its power to adjudicate "[s]uits for violation of contracts."

Id. at 657-58 (internal citation omitted).

J.F. Edwards asks this court to enter declaratory judgment against Local 150, concluding that it is no longer bound to the collective bargaining agreement with Local 150 and not obligated to abide by the terms and conditions set forth therein, including the grievance and arbitration procedures. Specifically, J.F. Edwards contends that it properly terminated its collective bargaining agreement with Local 150 and Local 150 claims that no such proper termination occurred, which in turn depends on whether the agreement was a § 8(f) or a § 9(a) agreement. However, the Complaint contains no express allegations that the collective bargaining agreement has been violated. While not expressly stated in the Complaint, the parties' pleadings and exhibits for the motion to dismiss indicate that Local 150 filed a grievance because J.F. Edwards refused to recognize the collective bargaining agreement. Yet, the mere allegation that an employer violated a collective bargaining agreement by refusing to recognize the agreement is insufficient to confer federal jurisdiction. See Chicago & Northeast Ill. Dist. Council Carpenters v. GDCNI/CAWCC, No. 01 C 6097, 2002 WL

237972, * 3-5 (N.D. Ill. Feb. 19, 2002) (interpreting Textron). The rationale is that an allegation that an employer refuses to recognize a collective bargaining agreement states a claim for contract formation and validity, and not violation of contract as mandated by the express language of § 301. See id.; see also The Developing Labor Law 315 (Howard Z. Rosen, *et al.*, eds., 4th ed. 2003 Supp.).

Furthermore, even if § 301 jurisdiction arguably exists, federal district courts must defer when presented with § 301 cases that fall within the National Labor Relations Board's ("NLRB") primary jurisdiction. While § 301 contemplates situations in which the NLRB and the federal district courts will have concurrent jurisdiction, this concurrent jurisdiction requires federal district courts to decide whether they should exercise jurisdiction over matters within the primary jurisdiction of the NLRB. Further, certain matters are committed by Congress to the exclusive jurisdiction of the NLRB.

A brief review of the arguments presented to the court by the parties underscores the importance of respecting the jurisdictional grant of § 301. In short, J.F. Edwards attempts to present this court with a representation issue that properly belongs to the NLRB, which Congress granted primary jurisdiction over such matters. When a labor dispute is arguably representational, a district court should not exercise jurisdiction. See Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 83 (1982) ("As a general rule, federal courts do not have jurisdiction over activity which is arguably subject to § 7 or § 8 of the NLRA, and they must defer to the exclusive competence of the National Labor Relations Board." (internal quotations and citations omitted)); Loewen Group Intern., Inc. v. Haberichter, 65 F.3d 1417, 1425 (7th Cir. 1995) (indicating that when an activity is arguably prohibited under the National Labor Relations Act, state and federal courts must defer to the exclusive jurisdiction of the NLRB); see also Pace v. Honolulu Disposal Service, Inc., 227 F.3d

6

1150, 1156-57 (9th Cir. 2000) ("Although § 301 confers concurrent jurisdiction upon the NLRB and federal courts, we have recognized that district courts must tread lightly in areas of the NLRB's primary jurisdiction and must continue to defer when, on close examination, section 301 cases fall within the NLRB's primary jurisdiction." (internal quotations and citations omitted)).

This conclusion is supported by the Textron Court's contraction of § 301 jurisdiction in the federal district courts. As Justice Stevens, concurring in Textron, stated, respecting the jurisdictional grant of § 301 "comports with the important goal of protecting the primary jurisdiction of the National Labor Relations Board in resolving disputes arising from the collective-bargaining process." Textron, 523 U.S. at 662 (Stevens, J. concurring). The federal district courts do not figure into the scheme envisioned by the National Labor Relations Act in disputes such as those presented by J.F. Edwards.

Another important point underscores the fact that this court cannot, and if it arguably could, should not, grant the declaratory and injunctive relief sought by J.F. Edwards. J.F. Edwards requests this court to enjoin Local 150 from processing a grievance against it under the grievance and arbitration procedure in the collective bargaining agreement. In AT & T Broadband LLC v. IBEW, 317 F.3d 758, 763 (7th Cir. 2003), the Seventh Circuit held that a district court may not enjoin the arbitration of a labor dispute. This holding reflects a well-settled tenet of federal labor law. See, e.g., Norris-LaGuardia Anti-Injunction Act, 29 U.S.C. §§ 101-15. Once again, the federal district courts do not figure into the scheme envisioned by the National Labor Relations Act in disputes such as those presented by J.F. Edwards.

In conclusion, the court holds that it has no jurisdiction under § 301 of the LMRA to adjudicate the controversy presented by J.F. Edwards, and further, federal labor law policies require

7

that this court not exercise jurisdiction and give deference to the NLRB.

## III. CONCLUSION

For the foregoing reasons, J.F. Edwards' Complaint is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 6/24/04