# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6058 | **DATE** | 1/11/2005 |
| **CASE TITLE** | J.F. Edwards Construction vs. International Union, Local No. 150 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Edwards' Motion for Reconsideration [19-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Edwards' motion for reconsideration [19-1] is denied. See attached.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 11 2005 date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 2005 JAN 11 ... U.S. DISTRIC... | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| J.F. EDWARDS CONSTRUCTION COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 03 C 6058 |
| v. | ) ) ) | Honorable Charles R. Norgle |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 150, AFL-CIO, | ) ) ) ) | |
| Defendant. | ) ) | **DOCKETED** JAN 1 1 2005 |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

On June 24, 2004, this court entered an Order dismissing Plaintiff J.F. Edwards Construction Company's Complaint for lack of subject matter jurisdiction. See J.F. Edwards Construction Co. v. Int'l Union of Operating Eng's, No. 03-C-6058, 2004 U.S. Dist. LEXIS 11803 (N.D. Ill. June 24, 2004). J.F. Edwards Construction Company ("Edwards") now moves the court to reconsider its decision. For the following reasons, Edwards' Motion for Reconsideration is denied.

## I. INTRODUCTION

A. Facts[1]

Plaintiff Edwards, an electrical contractor, entered into a collective bargaining agreement ("CBA") with Defendant Local Union 150 ("150") in August 1996, which incorporated by

---

[1] The facts of this case are fully recited in Edwards, 2004 U.S. Dist. LEXIS 11803.

1



reference a Master CBA ("MCBA") between 150 and the Mid-America Regional Bargaining Association ("MARBA"). Although the parties disputed whether their CBA was a "pre-hire" agreement or a "majority representation" agreement, they apparently worked together amicably under the CBA until April 1997. On April 2, 1997, however, Edwards attempted to terminate the CBA by labeling a "contribution report" a "final report." 150 did not agree that the CBA was terminated; however, Edwards ceased utilizing members of 150 at that point.

In February 2001, a representative of 150 called Edwards, seeking to place workers at a project on which Edwards was working. Edwards declined this offer, asserting that its contractual agreement with 150 was terminated. 150 did not pursue the matter further. Edwards then sent 150 a letter which asserted that Edwards' CBA with 150 was formally terminated. 150 again did not agree, and in July 2003 sought to place workers on an Edwards project at Harper College. Edwards again refused, and 150 filed a grievance with MARBA under the terms of the MCBA.

## B. Procedural History

Edwards responded to the grievance by filing suit against 150 in the Northern District of Illinois. Edwards asks the court to enter declaratory judgment against 150, asserting that because its CBA with 150 was terminated, Edwards is no longer bound by the MCBA, and is therefore not subject to grievance and arbitration procedures. Edwards also asks the court to enjoin 150 from pursuing its grievance against Edwards. 150 filed a Motion to Dismiss, which the court converted to a motion for summary judgment. After the Motion was fully briefed, the court determined that it did not have subject matter jurisdiction, and dismissed the Complaint. Edwards, 2004 U.S. Dist. LEXIS 11803. Edwards then filed its Motion to Reconsider. That

Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

In seeking relief from a judgment of this court, Edwards would have to proceed pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). However, Edwards fails to cite either Rule 59(e) or 60(b) in support of its Motion. This alone is sufficient reason to deny Edwards' Motion. See United States v. Jones, 224 F.3d 621, 626 (7th Cir. 2000) (noting that an undeveloped argument speaks to its paucity, and that courts are not required to consider such arguments). Although Edwards cites no Federal Rule of Civil Procedure for which this Motion is brought, the court, with an abundance of caution, construes Edwards' Motion as being brought pursuant to Federal Rule of Civil Procedure 59(e).

Rule 59(e) requires that "[a]ny motion to alter or amend judgment shall be filed no later than 10 days after the entry of judgment." FED. R. CIV. P. 59(e). Rule 6(a) states that "[w]hen the period of time prescribed or allowed [for filing] is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. (6)(a). In addition, "entry of judgment is not completed until it is recorded on the docket . . . ." Dame v. Dept. of Revenue, 137 F.3d 484, 486 (7th Cir. 1998). In this particular instance, after making the appropriate computations, the court finds that Edwards' Motion was timely filed with the court for it to be considered a Rule 59(e) Motion for Reconsideration.

"The only grounds for a Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and manifest error of law [or fact]." Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) "is not appropriately used to advance

3

arguments or theories that could and should have been made before the district court rendered a judgment . . . or to present evidence that was available earlier." LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." Matter of Prince, 85 F.3d 314, 324 (7th Cir. 1996).

**B. Edwards' Motion for Reconsideration under Federal Rule of Civil Procedure 59(e)**

Edwards asserts that the court made an error of fact when it found that the "Complaint contains no express allegations that the collective bargaining agreement has been violated." Edwards, 2004 U.S. Dist. Lexis 11803, at *9. Edwards points to paragraphs 24-26 of its nine page Complaint as evidence that it did, in fact, allege a violation of the CBA. These paragraphs state,

> 24. J.F. Edwards continues to employ persons represented by IBEW Local 134 on the Harper College Project. It is paying those persons rates governed by the contract between IBEW Local 134 and Electrical Contractors Association of the City of Chicago.
> 25. Operating Engineers Local 150 has expressed its intent to arbitrate this dispute and seeks as a remedy all the monies in wages and benefits that would have been paid to employees represented by Operating Engineers Local 150 for the work on the project at Harper College.
> 26. Because of Local 150's claims, J.F. Edwards could find itself in a position of paying two groups of employees for work performed by the members of IBEW Local 134. Hence, there exists an actual controversy and a concrete dispute as to whether the Agreement relied upon by Operating Engineers Local 150, attached hereto as Exhibit E, is valid and enforceable against Plaintiff, J.F. Edwards.

Compl., ¶¶ 24-26.

Edwards goes on to assert that, under the holding in Textron Lycoming Reciprocating Engine Div. v. UAW, 523 U.S. 653 (1998), these allegations are sufficient to allege a violation of the CBA. Edwards points to the following passage in Textron in support of its assertion. "[A] declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid." Textron, 523 U.S. at 658. As a declaratory judgment plaintiff who is accused of violating a CBA, Edwards asserts, it may ask this court to declare that the MCBA is no longer valid as to Edwards.

The court acknowledges that there is an undeveloped reference, in paragraphs 24-26 of the Complaint, to a dispute over the CBA regarding 150's participation in Edwards' project at Harper College. However, there is no express reference to a violation of the CBA. Edwards' Complaint is nine pages long, and buried within those nine pages are the above quoted three paragraphs, which make a reference to a "dispute" between the parties as to whether the CBA is valid. Compl., ¶ 26. The inference Edwards would have the court draw - that 150 is alleging a violation of the CBA - is not fully developed. See DeSilva v. DiLeonardi, 181 F.3d 865, 866-67 (7th Cir. 1999) (litigants must fully develop their arguments, and not ask the court to "play archaeologist with the record"). Edwards' undeveloped assertions involving a dispute between it and 150 regarding the Harper College project are simply not enough to bring to the forefront the idea that this Complaint expressly alleges a violation of a contract.

Moreover, this suit asks the court to declare a contract invalid. "Plaintiff, J.F. Edwards Construction Company, prays that this Court enter an Order: (a) declaring that the joint agreement between the Mid-American Regional Bargaining Association and the International Union of Operating Engineers Local 150, AFL-CIO . . . is not valid and effective as to Plaintiff

5

J.F. Edwards Construction Company." Compl., at 8-9. This the court cannot do. The Seventh Circuit recently wrote,

> The *§ 301* grant of jurisdiction is extremely limited. The Supreme Court holding in *Textron* emphasized this narrowness. The plaintiffs in that suit sought a declaration that a contract was invalid. Relying on the specific statutory language of *§ 301*, the *Textron* court explained, "By its terms, this provision confers federal subject-matter jurisdiction only over 'suits for violations of contracts.'" The Court reasoned that the phrase "for violations of contracts" encompassed only suits "filed *because a contract has been violated*" and therefore did not include "suits that claim a contract is invalid."

Teamsters Nat'l Auto. Transporters Indus. Negotiating Comm. v. Troha, 328 F.3d 325, 329 (7th Cir. 2003) (quoting Textron, 523 U.S. at 656-57) (citations omitted). A plain reading of Edwards' Complaint reveals that it was filed not because a contract had been violated, but rather in order to have a contract declared invalid. This court simply does not have jurisdiction to hear such matters. See id.

Finally, the court notes that this matter stems from a dispute over whether the CBA was a "pre-hire" agreement, or a "majority representation" agreement. Federal district courts must defer when presented with § 301 cases that fall within the National Labor Relations Board's ("NLRB") primary jurisdiction. A review of the arguments presented to the court by the parties underscores the importance of respecting the jurisdictional grant of § 301. In short, J.F. Edwards attempts to present this court with a representation issue that properly belongs to the NLRB, which Congress granted primary jurisdiction over such matters. When a labor dispute is arguably representational, a district court should not exercise jurisdiction. See Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 83 (1982) ("As a general rule, federal courts do not have jurisdiction over activity which is arguably subject to § 7 or § 8 of the NLRA, and they must defer to the exclusive

competence of the National Labor Relations Board." (internal quotations and citations omitted));
see also Loewen Group Intern., Inc. v. Haberichter, 65 F.3d 1417, 1425 (7th Cir. 1995)
(indicating that when an activity is arguably prohibited under the National Labor Relations Act,
state and federal courts must defer to the exclusive jurisdiction of the NLRB); see also Pace v.
Honolulu Disposal Service, Inc., 227 F.3d 1150, 1156-57 (9th Cir. 2000) ("Although § 301
confers concurrent jurisdiction upon the NLRB and federal courts, we have recognized that
district courts must tread lightly in areas of the NLRB's primary jurisdiction and must continue
to defer when, on close examination, section 301 cases fall within the NLRB's primary
jurisdiction." (internal quotations and citations omitted)).

## III. CONCLUSION

For the foregoing reasons, Edwards' Motion for Reconsideration is denied.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: 1-11-05